COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Judy Gauthia, Individually and on behalf of Larry Gauthia and his estate, Lucretia Nickerson, Germaine Gauthia, and Yolanda Gauthia v. Arnold & Itkin, L.L.P., Jason A. Itkin, Cory D. Itkin, and Kurt B. Arnold

Appellate case number:  01-19-00143-CV

Trial court case number:  2015-57459

Trial court:             295th District Court of Harris County

The appellants, Judy Gauthia, Lucretia Nickerson, Germaine Gauthia, and Yolanda Gauthia, have filed an Unopposed Motion to File Under Seal Appendix Tab 9 to Appellants' Opening Brief. Ten days have passed with no response. *See* TEX. R. APP. P. 10.3(a). The appellants' motion represents that an unredacted version of this document was filed under seal in the trial court, and the appellants seek to submit the unredacted version to this Court because it "should be appropriately made part of the appellate record." Although the appellants' motion did not include a signed trial court order authorizing the sealing of records, our review of the record indicates that the trial court signed a protective order requiring all "Confidential Information" to be filed under seal. The protective order defines "Confidential Information" to include information marked "CONFIDENTIAL." Our review of the Appellants' Appendix Tab 9 filed under seal shows that several of the documents are marked "CONFIDENTIAL."

Requests to seal records are governed by Texas Rule of Civil Procedure 76a, which provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See* TEX. R. CIV. P. 76a; *see also Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority."). Nevertheless, the trial court issued a protective order sealing documents marked "CONFIDENTIAL," including those appellants seek to file under seal here.

Accordingly, the Court GRANTS the appellants' motion and DIRECTS the Clerk of this Court to file the appellants' appendix tab 9 under seal and not file them electronically. *See* TEX. R. APP. P. 9.2(c)(3) ("Documents filed under seal, subject to a pending motion to seal, . . . must not be electronically filed.").

It is so ORDERED.

Judge's signature: ____/s/ Evelyn V. Keyes_____
                          ☑ Acting individually    ☐ Acting for the Court

Date: ___October 17, 2019___